1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALDINE BARABIN, as Personal Representative for the Estate of HENRY BARABIN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>ASTENJOHNSON, INC.; GOULDS PUMPS, INC.; GRINNELL LLC (FKA GRINNELL CORPORATION, AKA GRINNELL FIRE); HARDER MECHANICAL CONTRACTORS, INC.; KEYSTONE CONTRACTING, INC.; METALCLAD INSULATION CORPORATION; METROPOLITAN LIFE INSURANCE COMPANY; PARAMOUNT SUPPLY CO.; SCAPA DRYER FABRICS, INC.; SEQUOIA VENTURES INC.; TRECO CONSTRUCTION SERVICES INC.; UNITED SUPPLY COMPANY; WRIGHT SCHUCHART HARBOR; and FIRST DOE through ONE HUNDREDTH DOE,<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446<br><br><br>King County Superior Court Cause No. 14-2-07824-2 SEA |

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Scapa Dryer Fabrics, Inc. ("Scapa"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington at Seattle.  In support of this Notice of Removal, Scapa states as follows:

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

1

2          I.        PROCEDURAL BACKGROUND AND CLAIM-SPLITTING

3          1.        On or about March 19, 2014, plaintiff Geraldine Barabin, as personal

4    representative for the Estate of Henry Barabin, commenced this wrongful death action against

5    Scapa, Defendant AstenJohnson, Inc. ("Asten"), and others by filing a complaint in King

6    County Superior Court.

7          2.        At the time this action was filed in March of 2014, Henry and Geraldine

8    Barabin's personal injury action was already on appeal in the Ninth Circuit.  *See Estate of*

9    *Barabin v. AstenJohnson*, Inc., 740 F.3d 457 (9th Cir. 2014).  The personal injury action was

10   initially filed in state court in 2006.  It was subsequently removed to Federal District Court on

11   the basis of diversity.  Following a jury trial, a verdict in favor of Henry and Geraldine Barabin

12   was returned and judgment on the verdict was entered.  The defendants appealed the judgment.

13   While the personal injury action was on appeal at the Ninth Circuit, Henry Barabin passed

14   away on March 30, 2012.  Subsequently, on or about March 19, 2014 the instant wrongful

15   death action was filed in King County Superior Court, and a number of defendants were added

16   who were **not** sued in the personal injury suit.  As explained in more detail below, Mr.

17   Barabin's passing and the remand of the personal injury action for a new trial means that the

18   new trial will be proceeding as a survival and wrongful death action with Geraldine Barabin

19   acting as Henry Barabin's personal representative. Geraldine Barabin is also the personal

20   representative in the wrongful death action filed in state court.

21         3.        Scapa was served with the wrongful death complaint, which is the initial

22   pleading setting forth the claim for relief upon which plaintiff's action is based, no earlier than

23   April 2, 2014.

24         4.        Asten was served with the wrongful death complaint no earlier than April 3,

25   2014.

26

27

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§
1332, 1441, AND 1446 - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

5.       On April 14, 2014, Defendant Scapa timely filed its Notice of Removal based on diversity of citizenship, to which Defendant Asten consented.  Attached as **Exhibit 1** is a true and correct copy of Defendant Scapa's Original Notice of Removal (without attachments). At least one of the defendants added to this wrongful death action who was **not** also a defendant to the personal injury action broke complete diversity.  However, Plaintiffs' claims against the non-diverse defendants were time-barred.  Defendant Scapa noted in its original Notice of Removal that the non-diverse defendants were fraudulently added solely for the purpose of defeating diversity jurisdiction.  **Exhibit 1** at ¶ 6.

6.       Fraudulently joined defendants do not defeat removal on diversity grounds. *Richey v. Upjohn Drug Co*., 139 F.3d 1313, 1319 (9th Cir. 1998).  Fraudulent joinder can be established by demonstrating that the plaintiff's claims against a non-diverse defendant are time-barred.  *Id*. at 1318-19.

7.       The facts establishing that Decedent Henry Barabin's personal injury claims against the non-diverse defendants in the wrongful death action would have been time-barred are not disputed.  The parties agree that Decedent Henry Barabin knew or should have known that he possessed a personal injury claim relating to asbestos exposure by **December 18, 2006**, at the latest.  At the time of his death (**March 30, 2012**), Decedent Henry Barabin had not brought any claims against the non-diverse defendants to the wrongful death action filed in state court.  The statute of limitations for a personal injury action is three years.  RCW 4.16.080(2).  Given that Decedent Henry Barabin knew or should have known that he had a personal injury claim by December 18, 2006, the statute of limitations for his personal injury claims expired on December 18, 2009.  Because Decedent Henry Barabin did not bring any claims against the non-diverse defendants named to the state court wrongful death action by December 18, 2009, nor prior to his passing in 2012, his claims would have been time-barred against the non-diverse defendants sued in the wrongful death action.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§
1332, 1441, AND 1446 - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

1   8.   More than four years after Decedent Henry Barabin's personal injury claims

2   relating to asbestos exposure would have been time-barred, Plaintiff filed in state court the

3   wrongful death action on March 19, 2014, bringing claims against non-diverse defendants.

4   9.   Following Scapa's Notice of Removal, Plaintiffs filed a Motion to Remand

5   based on the argument that the claims against the non-diverse defendants were not time-barred

6   and thus fraudulent joinder could not be established.   A copy of Plaintiff's Motion to Remand

7   is attached as **Exhibit 2**.

8   10.   Scapa filed a response to Plaintiff's Motion to Remand in which it noted that

9   under Washington precedent, the wrongful death claims against the non-diverse defendants

10   were time-barred given that the decedent did not have a subsisting claim against the non-

11   diverse defendants at the time of his death.   *See Calhoun v. Washington Veneer Co.*, 170 Wash.

12   152, 15 P.2d 943 (1932); *Grant v. Fisher Flouring Mills Co.*, 181 Wash. 576, 44 P.2d 193

13   (1935).

14   11.   On June 30, 2014, this Court issued its Order Granting Plaintiff's Motion to

15   Remand.   Attached as **Exhibit 3** is the Court's June 30, 2014 Order.   In ordering that the action

16   be remanded back to State Court, the Honorable James L. Robart held that Washington's case

17   law was unsettled with respect to the interplay between the statute of limitations on a

18   decedent's personal injury claim and a wrongful death claim arising out of the same facts.   *See*

19   *generally*, **Exhibit 3**. The Court further noted that the lack of clarity on this issue was due, in

20   part, to the fact that the authority relied on by Scapa on this issue was "outdated."   *Id*. at p.

21   7:16-19.

22   12.   After the state court case was remanded, the defendants who had not been

23   parties to the original personal injury suit filed motions for summary judgment arguing that the

24   claims were time-barred under the statute of limitations.   The motions were denied on October

25   24, 2014 and a motion for discretionary review was filed with the Washington Court of

26   Appeals, Division One, on October 29, 2014.

27

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§
1332, 1441, AND 1446 - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

13.     On November 9, 2015, the Court of Appeals filed an opinion reversing the trial court's denial of the defendant/appellants' motion for summary judgment, citing *Deggs v. Asbestos Corp.,* Ltd, 188 Wn. App. 495, 354 P.3d 1 (2015), in support of its decision that Barabin's wrongful death claim was barred on statute of limitations grounds.  At the time, the plaintiff in *Deggs* had filed a petition for review with the Washington Supreme Court, which was later granted.   Barabin filed a motion for reconsideration/stay pending disposition of *Deggs*.  This motion was denied by the Court of Appeals on January 14, 2016.

14.     On January 25, 2016, the state court Barabin plaintiff filed a petition for review with the Washington Supreme Court.  The Washington Supreme Court issued a unanimous order on June 1, 2016, stating that "consideration of the [Plaintiff's] Petition for Review is deferred pending a final decision in Supreme Court No. 91969-1 – *Judy R. Deggs v. Asbestos Corporation Limited, et al*."

15.     On October 6, 2016, Washington's Supreme Court issued its ruling in *Deggs v. Asbestos Corp. Ltd.*, 186 Wn.2d 716, 381 P.3d 32 (2016).   In affirming the trial court's dismissal of the plaintiff's wrongful death action as time-barred, *Deggs* held that wrongful death "actions accrue at the time of death" so long as there is "a subsisting cause of action in the deceased" at the time of death.  *Id. at* 732–33.  Because the decedent's underlying personal injury claims in *Deggs* had lapsed during his life, the plaintiff's wrongful death action arising out of the same set of facts was properly dismissed.  *Id*. at 732.  In so holding, the Supreme Court noted that the issue was squarely governed by *Calhoun* and *Grant* and that, "[w]e find insufficient cause to abandon this well-established precedent at this time."  *Id*. at 732-33.

16.     Following the Supreme Court's decision in *Deggs*, the state court Barabin plaintiff withdrew her petition for discretionary review to the Supreme Court.   After the petition for discretionary review was withdrawn, the case was remanded back to the trial court on March 24, 2017.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

17.     Based on the Supreme Court's decision in *Deggs*, Scapa brings this renewed Notice of Removal based on new and different grounds.  A subsequent removal is appropriate where a successive removal is supported by newly discovered information or law.  *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014).  Further, subsequent removals are proper when there is a significant change between the first and second removal, such that the posture of the case has substantially changed.  *Benson v. SI Handling Systems, Inc.,* 188 F.3d 780, 783 (7th Cir.1999).  In *Benson*, the defendant petitioned to have the case removed from state to federal court based on diversity.  *Id*. at 781.  The Federal District Court remanded the case upon finding that the defendant failed to establish the amount in controversy.  *Id*.  Once back at state court, the plaintiffs revealed that they were seeking damages that exceeded $75,000; the defendant thereafter filed a second notice of removal.  *Id*.  However, the district court again remanded the case to state court, not because of any jurisdictional deficiencies, but because in the district judge's view successive removals were impermissible.  *Id*.  In reversing the district court's remand, the Court of Appeals for the Seventh Circuit noted that a premature removal may lead to a "perfectly justified remand; but when matters change—for example, b**y dismissal of a party whose presence spoiled complete diversity of citizenship**, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed […]."  *Id*. at 782-83 (emphasis added).  In rejecting to follow an outright prohibition against successive removals following changes in the case, the Court in *Benson* stated that, "[t]he only effect of adopting an absolute one-bite rule would be to encourage plaintiffs to be coy." *Id*. at 783.

18.     Given the Washington Supreme Court's intervening holding in *Deggs*, Scapa's instant Notice of Removal is proper.  The Supreme Court affirmed that Washington's "well-established precedent" dictated that if the decedent did not have a subsisting cause of action at the time of his or her death, a wrongful death action cannot be premised on the same facts.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

1  *Deggs*, 186 Wn.2d at 732-33.  The Court in *Deggs* made clear that the Supreme Court would
2  not overrule prior precedent.

3       19.     Additionally, the claims raised in the state court action can only be maintained if
4  they are consolidated with the pending federal action.  After Mr. Barabin passed, the Ninth
5  Circuit subsequently vacated the judgment in favor of him and Geraldine Barabin in the
6  personal injury action and remanded the case for a new trial in federal district court.  ***Estate of***
7  ***Barabin*** *v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014) (emphasis added).  Given
8  Mr. Barabin's passing, the cause of action *must and will* proceed as a survival action as to Mr.
9  Barabin's claims. FRCP 17 (a) (Real Party in Interest).  Further, however, Geraldine Barabin's
10 consortium claims can only be maintained through a wrongful death action, not a survival
11 action.  *See Wooldridge v. Woolett*, 96 Wn.2d 659, 666, 638 P.2d 566 (1981) (citations
12 omitted).  Attached as **Exhibit 4** is a true and correct copy of the initial personal injury
13 complaint filed by Henry and Geraldine Barabin, which documents Geraldine Barabin's
14 consortium claims. Thus, by filing this wrongful death action in state court, Plaintiffs are
15 attempting to maintain two separate wrongful death actions, with Geraldine Barabin serving as
16 the personal representative of each and bringing wrongful death claims in each.

17       a.     A wrongful death action can only be brought by the decedent's personal
18 representative.  RCW 4.20.010; *see also*, *Atchison v. Great W. Malting Co.*, 161 Wn.2d 372,
19 378, 166 P.3d 662 (2007) (only a personal representative can bring a wrongful death action
20 under Washington's statute).  Similarly, a survival action can only be brought by a personal
21 representative.  RCW 4.20.010; *see also, Federated Servs. Ins. Co. v. Pers. Representative of*
22 *Estate of Norberg*, 101 Wn. App. 119, 125, 4 P.3d 844, 848 (2000).  Here, Plaintiffs are
23 attempting to maintain a survival and wrongful death action in federal court (the survival claim
24 and Geraldine Barabin's consortium claims), while also maintaining a wrongful death action at
25 the state court level.  Geraldine Barabin, as the personal representative for each lawsuit, cannot
26 maintain these separate actions, as this constitutes claim-splitting prohibited by res judicata.

27

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§
1332, 1441, AND 1446 - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

*See, e.g., Ensley v. Pitcher*, 152 Wn. App. 891, 898, 222 P.3d 99 (2009)("Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington.").  Geraldine Barabin, as the personal representative of the estate, needs to bring all claims that she can bring—survival and wrongful death claims—in a single suit.  And under the priority of action doctrine, as discussed below, the pending federal action must be resolved ahead of this state court action.  Meaning, Geraldine Barabin needs to bring *all claims* that she has as the personal representative of the estate and on behalf of Henry Barabin's statutory heirs in the pending federal action.

b.      If the state court plaintiff wishes to proceed with her wrongful death claims, there are two options.  First, she can voluntarily dismiss the state court action and move to have the claims on behalf of all the statutory beneficiaries of the estate added as to the pending federal court action pursuant to FRCP 15 and FRCP 20.  Alternatively, following removal of this state court action to federal court, this action can be consolidated with Mrs. Barabin's pending survival and wrongful death action pursuant to FRCP 42(a).

c.      In addition to res judicata, another inevitable bar to plaintiff maintaining a state court action would be *Deggs*.  Because the pending federal action first gained jurisdiction over the claims when the underlying personal injury suit was initiated, the priority of action doctrine dictates that the pending federal action must be resolved ahead of the state court action.  *See Bunch v. Nationwide Mut. Ins. Co.*, 180 Wn. App. 37, 41, 321 P.3d 266 (2014) (citations omitted) (under the priority of action doctrine, "the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved."). If Geraldine Barabin were to receive a judgment in favor of the survival and wrongful death (consortium) claims in the federal action, attempts at obtaining a second judgment based on the same facts *and claims* as the federal action would be barred under *Deggs* and its precursors *Grant v. Fisher Flouring Mills Co.,* 181 Wash. 576, 581, 44 P.2d 193 (1935), and *Calhoun v. Wash. Veneer Co.,* 170 Wash. 152, 160, 15 P.2d 943 (1932).  In short, the state court action

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

1    cannot be maintained, and removal will enable Plaintiff's state court claims to be consolidated

2    with the Barabins' pending federal survival and wrongful death action.

3                    II.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4        20.    This case is properly removed to this Court pursuant to 28 U.S.C. §1441

5    because Scapa has satisfied the procedural requirements for removal.

6        21.    This Court has original jurisdiction over this case pursuant to 28 U.S.C.

7    §1332(a)(1) (diversity of citizenship) in that, as of the date this action was originally filed and the

8    date of this Notice of Removal, plaintiff was and is a citizen of Arizona; Scapa was and is a

9    Georgia Corporation with its principal place of business in Pennsylvania; and Asten was and is a

10   Delaware corporation with its principal place of business in South Carolina.[1]  The citizenship of

11   all other defendants is disregarded for diversity jurisdiction purposes because the claims against

12   them are barred by the applicable statute of limitations.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d

13   1313 (9th Cir. 1998) (holding that the court does not consider the citizenship of fraudulently

14   joined defendants for purposes of the diversity analysis).  Further, the Washington Court of

15   Appeals' November 9, 2015 decision found that the trial court improperly denied the summary

16   judgment motions of those defendants and the March 24, 2017 remand order directs the trial court

17   to take action consistent with the November 9, 2015 decision.

18       22.    The matter in controversy for plaintiff exceeds the sum of $75,000.  Although the

19   complaint does not set forth the specific dollar amount plaintiff seeks, Scapa has a good faith

20   belief that plaintiff seeks damages well in excess of $75,000.  This good faith belief is based on

21   the jury's award against Scapa and Asten for injuries allegedly sustained by the decedent as a

22   result of his exposure to asbestos-containing products, where the jury awarded damages exceeding

23   $10,000,000.[2]  *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014); *see also*

24   LCR 101(a).

25

26   _____

     [1] At the time of his death, the decedent was a citizen of Arizona.  At the time the complaint was filed and the time

27   of this notice of removal, plaintiff was and is a citizen of Arizona.
     [2] The judgment was reversed on appeal and the case was remanded to this Court for a new trial.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§
1332, 1441, AND 1446 - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

III.   NOTICE OF REMOVAL IS TIMELY

23.    Scapa's original Notice of Removal was timely filed, pursuant to 28 U.S.C. §1446(b), because it was removed "within 30 days after receipt by [Scapa], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

24.    Now, however, more than one year has passed since plaintiff filed the instant wrongful death action. Section 1446 establishes a one-year limit on removal of diversity cases, which runs from the "commencement of the action" in state court. 28 U.S.C. § 1446(c)(1). An exception from the one-year limit is available if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Although courts have not drawn a clear distinction between the requisite showing for "bad faith" under 28 U.S.C. § 1446 as opposed to fraudulent joinder, the two concepts address the same concern. *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). The purpose of both fraudulent joinder and the "bad faith" exception is to "thwart gamesmanship by plaintiffs in diversity cases." *Id*. Because case law on "bad faith" under 28 U.S.C. § 1446(c)(1) is scant, case law addressing fraudulent joinder is informative on the issue.

25.    A defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Upjohn Drug Co.*, 139 F.3d at 1318. Further, as previously noted, fraudulent joinder can be established by demonstrating that the plaintiff's claims against a non-diverse defendant are time-barred. *Id.* at 1318-19. Here, fraudulent joinder as to plaintiff's claims against the non-diverse defendants was clear based on Washington's "well-settled" rules, as now noted by Washington's Supreme Court in *Deggs*. *Deggs*, 186 Wn.2d at 732-33. In order for plaintiff's claims against the non-diverse defendants to have been colorable, it would have

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

1   required that Washington's well-established precedent on the issue be overruled by the

2   Supreme Court. *Id*. If plaintiffs could bring claims against non-diverse defendants on this

3   theory—i.e., that their claims are colorable in the event that legal precedent is overruled—the

4   doctrine of fraudulent joinder would be gutted.

5        26.    Where the viability of a plaintiff's claim depends on legal precedent being

6   disregarded or overruled, such a claim is fraudulent for removal purposes and will not defeat

7   diversity. In *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 624 F. Supp. 2d

8   396, (E.D. Pa. 2009), a defendant removed a state court proceeding to federal district court and

9   alleged that the plaintiff's claim against the non-diverse New York defendant was fraudulent.

10  *Id*. at 423. In concluding that the plaintiff did fraudulently join the New York defendant, the

11  court stated that "established New York law" demonstrated that the plaintiff failed to

12  adequately plead a claim against the New York defendant. *Id*. The court's decision was based

13  on another case's application of New York's pleading requirements as to claims against a

14  pharmacy, which the New York defendant was. *Id*. Thus, the viability of the plaintiff's claim

15  against the New York defendant would have required New York precedent to be disregarded in

16  order to be colorable.

17       27.    So too here. Plaintiff's claims against the non-diverse defendants were

18  dependent upon Washington's established legal precedent being disregarded or overruled. For

19  purposes of diversity, such a claim is fraudulent and does not defeat diversity. And while the

20  distinction between "bad faith" and fraudulent joinder is somewhat unclear, the purpose of the

21  bad faith exception to the one year removal limit is the same—to thwart gamesmanship by

22  plaintiffs in attempting to defeat diversity jurisdiction. Here, plaintiff's claims against the non-

23  diverse defendants were untenable under Washington's established legal authority, and thus

24  only served to defeat diversity jurisdiction. This establishes "bad faith" for purposes of 28

25  U.S.C. § 1446(c)(1), and the one year limit on removal should be excused. *See Ehrenreich*,

26

27

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§
1332, 1441, AND 1446 - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

994 F. Supp. 2d at 288 (the one year limit under § 1446(c)(1) is procedural and can be excused by federal courts upon a proper showing of bad faith).

28.     Additionally, the Court of Appeal's order terminating review and remanding back to the trial court following the dismissal of the non-diverse defendants was filed on March 24, 2017.  Scapa files this Notice of Removal within less than 30 days of receipt of the Court of Appeal's order.

## IV.     PAPERS FROM REMOVED ACTION

29.     Pursuant to 28 U.S.C. § 1446(a) and LCR 101(b), attached hereto as **Exhibit 5** are true and correct copies of the Complaint and all additional records and proceedings on file in state court in this action.

## V.     INTRADISTRICT ASSIGNMENT

30.     Removal to this district and division is proper under 28 U.S.C. § 113(c) because this is the district and division embracing the place where the action is pending, King County, and where the incident occurred that forms the basis of this lawsuit.  28 U.S.C. § 1441(a).

## VI.     PROPER NOTICE IS BEING GIVEN

31.     Scapa is giving written notice of the filing of this notice of removal as required by 28 U.S.C. §1446(d).

32.     A copy of this notice of removal is being filed with the Clerk of the Superior Court of the State of Washington, County of King, as required by 28 U.S.C. §1446(d).

## VII.     CONSENT TO REMOVAL

33.     Asten consents to removal of this case to federal court.  Asten's consent to removal is attached to this notice of removal as **Exhibit 6**.  Consent is not required from the other fraudulently joined defendants. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (2002) (noting that, although the usual rule is that all defendants must join in a

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 - 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2

1   notice of removal, the "'rule of unanimity' does not apply to 'nominal, unknown, or

2   *fraudulently joined* parties.'") (emphasis in original); *Hafiz v. Greenpoint Mortgage Funding*,

3   652 F.Supp.2d 1050 (N.D. Cal. 2009).

4                  VIII.   NON-WAIVER AND RESERVATIONS

5          34.    Scapa reserves all rights, including defenses and objections as to venue,

6   personal jurisdiction, and service, and the filing of this notice of removal is subject to, and

7   without waiver of, any such defenses and objections.

8          35.    Defendants reserve the right to amend or supplement this Notice of Removal.

9          WHEREFORE, Scapa respectfully requests that this action be removed to this Court.

10          DATED this 17th day of April, 2017.

11

12                                            s/ Nicole R. MacKenzie
                                              Nicole R. MacKenzie, WSBA #45741
13                                            Attorneys for Defendant Scapa Dryer Fabrics,
                                              Inc.
14                                            WILLIAMS, KASTNER & GIBBS PLLC
                                              601 Union Street, Suite 4100
15                                            Seattle, WA 98101
                                              Telephone:  (206) 628-6616
16                                            Fax:  (206) 628-6616
                                              nmackenzie@williamskastner.com
17
                                              H. Lane Young, II (pro hac vice)
18                                            S. Christopher Collier (pro hac vice)
                                              HAWKINS PARNELL THACKSTON &
19                                            YOUNG, LLP
                                              303 Peachtree Street, NE, Suite 4000
20                                            Atlanta, GA 30308-3243
                                              Email: lyoung@hptylaw.com
21                                            Email: ccollier@hptylaw.com

22

23

24

25

26

27

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§          **Williams, Kastner & Gibbs PLLC**
1332, 1441, AND 1446 - 13                                     601 Union Street, Suite 4100
                                                             Seattle, Washington 98101-2380
                                                             Telephone: (206) 628-6616• Fax (206) 628-6611

5975614.2