UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALDINE BARABIN, <br><br> Plaintiff, <br><br> v. <br><br> ASTENJOHNSON, INC., et al., <br><br> Defendants. | CASE NO. C17-0597JLR <br><br> ORDER DIRECTING SUPPLEMENTAL BRIEFING |

Before the court is Plaintiff Geraldine Barabin's motion to remand the case to King County Superior Court. (Mot. (Dkt. # 23).) Defendant Scapa Dryer Fabrics, Inc. ("Scapa"), removed the case on April 17, 2017. (Not. of Rem. (Dkt. # 1).) The court DEFERS ruling on Ms. Barabin's motion and DIRECTS supplemental briefing related to the timeliness of Scapa's removal under 28 U.S.C. § 1446(c)(1) and Ms. Barabin's objection thereto.

"Unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," a case may not be removed under 28

ORDER - 1

U.S.C. § 1446(b)(3) on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). Scapa acknowledges in its notice of removal that this limitation facially bars its removal. (Not. of Rem. ¶ 24.) However, Scapa argues that the bad faith exception applies. (*Id.* ¶¶ 24-27.)

The one-year limitation is a procedural requirement, not a jurisdictional requirement, and a plaintiff therefore waives that argument absent a timely filed motion to remand. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045-46 (9th Cir. 2014) (analyzing the one-year time limitation as originally codified in 28 U.S.C. § 1446(b)); *see also id.* at 1445 n.1 (acknowledging that the 2011 amendments to the removal statute shifted the one-year time limitation to Section 1446(c)). In her remand motion, Ms. Barabin makes scant mention of bad faith (*see* Mot. at 2, 6) and does not cite 28 U.S.C. § 1446(c)(1) (*see generally id.*). However, Ms. Barabin pivots in her reply brief, focusing almost exclusively on the impropriety of removal under Section 1446(c)(1). (*See* Reply (Dkt. # 27) at 1-3.) Although the manner in which Ms. Barabin presented her argument could be viewed as improperly raising, *see Kische USA LLC v. Simsek*, No. 16-0168JLR, 2017 WL 698790, at *3 n.3 (W.D. Wash. Feb. 22, 2017)—and therefore waiving, *see Smith*, 761 F.3d at 1045-46—the one-year limitation, Scapa has not moved to strike Ms. Barabin's argument, *see* Local Rules W.D. Wash. LCR 7(g) (permitting surreplies for the limited purpose of requesting the court "strike material contained in or attached to a reply brief"). Although Scapa argued in its notice of removal that this case satisfies Section 1446(c)(1)'s bad faith exception (Not. of Rem. ¶¶ 24-27), it has not responded to the merits of Ms. Barabin's arguments (*see* Dkt.).

Based on the foregoing analysis, the court DIRECTS supplemental briefing on the following questions:

1. Has Ms. Barabin preserved her argument that Scapa's removal was improper under 28 U.S.C. § 1446(c)(1)?
2. Assuming Ms. Barabin has properly preserved that argument, did Ms. Barabin act in bad faith in order to prevent a defendant from removing the action?

The parties must submit their briefs no later than 5:00 p.m. on Tuesday, July 18, 2017. Because Ms. Barabin has already addressed the second question (*see* Reply at 1-3), her brief may only address the first question and may not exceed three (3) pages. Scapa's brief must address both questions and may not exceed six (6) pages. Any other defendant may, but is not required to, file a supplemental brief on both questions subject to the same deadline and page limitation as Scapa.

Dated this 11th day of July, 2017.

JAMES L. ROBART
United States District Judge