UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| GERALDINE BARABIN, | CASE NO. C17-0597JLR |
|---|---|
| Plaintiff, | ORDER AWARDING ATTORNEYS' FEES |
| v. | |
| ASTENJOHNSON, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

On July 24, 2017, the court granted Plaintiff Geraldine Barabin's motion to remand the case to King County Superior Court and additionally granted Ms. Barabin's request for fees and costs, due to the lack of an objectively reasonable basis for Defendant Scapa Dryer Fabrics, Inc.'s ("Scapa") removal of the case. (7/24/17 Order (Dkt. # 33) at 6-7.) The court ordered Ms. Barabin to submit a brief detailing her reasonable attorneys' fees and costs. (*Id.* at 7.) Before the court now is Ms. Barabin's unopposed brief in support of reasonable attorneys' fees. (Br. (Dkt. # 35).) Having

considered the briefing, the balance of the record, and the applicable law, the court AWARDS Ms. Barabin a total of $7,702.50 in reasonable attorneys' fees.

## II. BACKGROUND

Ms. Barabin brought this action against Defendants Scapa and AstenJohnson, Inc. (collectively, "Defendants") in King County Superior Court, alleging various counts of wrongful death, fraud, and other tortious conduct stemming from Defendants' involvement with asbestos and asbestos-containing products. (*See generally* Compl. (Dkt. # 4-1).) Scapa removed the case from state court on April 17, 2017. (Not. of Rem. (Dkt. # 1).) The court had previously remanded this action once before. *See Barabin v. AstenJohnson, Inc.*, No. C14-0557JLR (W.D. Wash.) (6/30/14 Order (Dkt. # 51) at 13.) Ms. Barabin moved to remand and simultaneously moved for attorneys' fees and costs. (Mot. (Dkt. # 23) at 2-4.)

In its July 25, 2017, order, the court granted Ms. Barabin's motion and remanded the case pursuant to 28 U.S.C. § 1446(c)(1). (7/24/17 Order at 6.) The court also noted that Scapa relied upon "untenable argument[s]" and "inconsistent positions in an effort to keep this action in federal court." (*Id.* at 6-7.) Because Scapa "lacked an objectively reasonable basis for removal," the court granted Ms. Barabin's request for fees and costs. (*Id.*) The court instructed Ms. Barabin to submit a brief detailing her reasonable attorneys' fees and costs and permitted, but did not require, Defendants to file responsive briefing. (*Id.* at 7.) Ms. Barabin submitted briefing per the court's instructions (*see* Br.), and Defendants did not file a response (*see* Dkt.).

//

## III. ANALYSIS

To determine whether the requested fees are reasonable, the court applies the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community considering the experience, skill, and reputation of the attorney in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). In assessing whether the attorneys spent a reasonable number of hours on the litigation, courts may consider, among other factors: the time and labor required, novelty and difficulty of the questions involved, the skill necessary to perform the legal services properly, time limitations imposed by the client or circumstances, the amount involved and the results obtained, and the experience, reputation and ability of the attorneys. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)). The court need not apply every factor in every case, but rather only those factors that are relevant to the particular case.

//

1 | *See Kerr*, 526 F.2d at 70; *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 838 (9th
2 | Cir. 1982).

Ms. Barabin requests a total of $7,702.50 in attorneys' fees, which represents 23.7 hours of work billed at an hourly rate of $325.00. (*See* Good Decl. (Dkt. # 35-1) at 2.) In support of its motion, Ms. Barabin submits a declaration of counsel detailing the fees attributable to the motion to remand. (*See generally* Good Decl.) Upon review, the court concludes that Ms. Barabin is entitled to the fees she requests.

Turning first to the hourly rate, the record shows that the billing attorney Meredith Good charged $325.00 per hour. (*Id.* at 2.) Defendants have not objected to this hourly rate. Given the lack of objection, and based upon the court's familiarity with the rates charged by attorneys with similar qualifications in the Seattle legal community, the court finds that the rate is reasonable. Turning next to the number of hours, the court determines that 27.3 hours constitute a reasonable amount of time expended on the motion to remand. None of the tasks documented appear excessive, redundant, or otherwise unnecessary. *See Van Gerwen v. Guarantee Mut. Life. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The total hours reported reasonably reflect Ms. Good's efforts not only in researching and arguing the removal issue, but also in preparing the supplemental briefing that the court ordered on the issue. (*See* Good Decl. at 1-2; *see also* 7/11/17 Order (Dkt. # 29).) Having considered the record in detail, the court concludes that this lodestar calculation is reasonable and that there is no need for further adjustment.

//
//

## IV. CONCLUSION

Accordingly, the court AWARDS Ms. Barabin attorneys' fees in the amount of $7,702.50.

Dated this 15th day of September, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 5